UNITED STATES of America, ex rel.
U.S.–NAMIBIA (SOUTH WEST AFRI-
CA) TRADE & CULTURAL COUNCIL,
INC., Plaintiff,

v.

SOUTH WEST AFRICA PEOPLE'S
ORGANIZATION and Theo-Ben
Gurirab, Defendants.

No. 83 Civ. 5637 (JES).

United States District Court,
S.D. New York.

June 4, 1984.

George N. Abrahams, New York City,
Shipley, Smoak & Henry, Washington,
D.C., for plaintiff; Thomas C. Henry,
Washington, D.C., of counsel.

Delson & Gordon, New York City, for
defendants; Martin R. Ganzglass, N. Hugo
H. Dryland, Daniel J. O'Callaghan, New
York City, of counsel.

OPINION & ORDER

SPRIZZO, District Judge.

Plaintiff commenced this *qui tam* action
pursuant to the False Claims Act, 31 U.S.C.
§ 3730(b) (1982) ("the Act"), claiming that
defendant the South West Africa People's
Organization ("SWAPO")[1] has applied for
and received funds from the United Na-
tions in violation of federal law,[2] and has
therefore defrauded the United States
Government in violation of the Act, 31
U.S.C. § 3729.

Defendant contends that the complaint
must be dismissed because plaintiff lacks
standing to sue and because it is clear that
at the time the complaint was filed, the

---

1. SWAPO has been recognized by the United
Nations as the "authentic representive of the
Namibian people," and has observer status at
the United Nations by invitation of the General
Assembly. Defendant Theo-Ben Gurirab is the
Chief Representative of the SWAPO Observer
Mission at the United Nations. *See* Memoran-
dum in Support of Defendants' Motion to Dis-
miss at 1–2.

2. Plaintiff claims that SWAPO has received
funds in violation of the Urgent Supplemental
Appropriations Act, Pub.L. No. 97–216, § 203,
96 Stat. 180, 191 (1982) and Pub.L. No. 97–377,
§ 154, 96 Stat. 1830, 1919 (1982).

Government had all of the information upon which the complaint is based.[3]

Plaintiff is correct in stating that the Act confers standing on any person to bring a *qui tam* action for violations of 31 U.S.C. § 3729, *see* 31 U.S.C. § 3730(b)(1); *United States ex rel. Weinberger v. Equifax, Inc.*, 557 F.2d 456, 460 (5th Cir.1977). However, such standing is subject to section 3730(b)(4), which mandates the dismissal of plaintiff's action in a case where it is clear that all the information upon which plaintiff bases his complaint was known to the Government before the action was brought. *United States v. The Burmah Oil Company Limited*, 558 F.2d 43, 45–46 (2d Cir. 1977); *Weinberger, supra*, 557 F.2d at 460 (both involving the predecessor to the present version of the Act).

 At oral argument counsel for plaintiff conceded that the complaint is not based on any evidence or information which the Government did not have at the time plaintiff commenced this action. It follows that the complaint must be dismissed.[4]

Defendants have also moved for an award of all costs and attorney's fees incurred in this action, pursuant to Fed.R. Civ.P. 11. Plaintiff has not thus far addressed this issue. Therefore, on or before June 25, 1984, plaintiff shall file a response to defendants' motion for costs and attorney's fees. Defendants shall file a reply to plaintiff's response on or before July 6, 1984.

It is SO ORDERED.

---

**3.** 31 U.S.C. § 3730(b)(4) provides:

Unless the Government proceeds with the action, the court shall dismiss an action brought by the person on discovering the action is based on evidence or information the Government had when the action was brought.

**4.** While plaintiff calls this a *qui tam* action, one of the prayers for relief in the complaint is for a declaratory judgment that defendants have violated a number of federal laws. Since plaintiff has asserted no personal stake in the outcome of these proceedings beyond that encompassed by the *qui tam* action or any injury in fact to itself, it has no standing to seek a declaratory judgment. *See, e.g., Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975); *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 152, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970); *Weinberger, supra*, 557 F.2d at 459–60. Therefore, the complaint is dismissed in its entirety.